IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEON V. LIPSCOMB,<br><br>                Plaintiff,<br><br>v.<br><br>ANTHONY WILLS,<br>C/O CHOATE,<br>LIEUTENANT SHANE SULSER,<br>LIEUTENANT DALLAS,<br>CORRECTIONAL OFFICER MILLER,<br>and<br>CORRECTIONAL OFFICER SPILLER,[1]<br><br>                Defendants. | Case No. 24-cv-01870-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Keon Lipscomb, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights while at Menard Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on July 25, 2024, while on crisis watch at Menard Correctional Center,

---

[1] The Motion to Correct Misspelled Name filed by Plaintiff is **GRANTED.** (Doc. 10). The Clerk of Court is **DIRECTED** to modify the name "Lieutenant Sulsa" to Lieutenant Shane Sulser on the docket. The Clerk shall also **ADD** Lieutenant Dallas, Correctional Officer Miller, and Correctional Officer Spiller as defendants on the docket. (Doc. 1, p. 1).

as Correctional Officer Choate was walking by his cell, Choate screamed that Plaintiff is a baby killer, threatened Plaintiff, and made sexually explicit comments. (Doc. 1, p. 1). Later, when Choate passed Plaintiff's cell again, Choate began chanting that Plaintiff is a baby killer and other inmates joined in on the chant. (*Id.*).

On August 1, 2024, while escorting the nurse handing out medication, Choate again chanted that Plaintiff was a baby killer. (Doc. 1, p. 1). Choate prohibited the nurse from giving Plaintiff his medication. As Choate went up the stairs, he told other inmates the details about Plaintiff's murder conviction. The inmates and Choate began making derogatory and threatening statements towards Plaintiff, such as Plaintiff deserved to die and that they would kill Plaintiff when they caught him. (*Id.*).

The next day, Choate came to Plaintiff's cell and again, threatened to kill him. (Doc. 1, p. 1). Choate threw Plaintiff's legal mail on the ground and then ordered the inmate worker to sweep the mail away into the trash. Choate threatened Plaintiff with violence and rape unless Plaintiff stopped filing lawsuits. Choate then led the inmates again in a chant, "cho mo gotta go." (*Id.*).

On August 6, 2024, while Plaintiff was on the phone with his attorney, Choate told Plaintiff that his legal mail had been "trashed." (Doc. 1, p. 1). Following the call, when Plaintiff returned to his cell, the legal mail that had previously been placed in the bars of his cell was gone. (*Id.*). Plaintiff states the mail concerned a motion to dismiss filed by the state in his post-conviction resentencing case. (*Id.* at p. 2). Plaintiff asserts that he had until August 16, 2024, to respond and "appear in court." (*Id.*).

Plaintiff tried to speak to Correctional Officers Miller and Spiller and told them that he needed to speak to the sergeant or lieutenant about his missing legal mail. (Doc. 1, p. 2). Choate, however, interjected and again said that he had "trashed" Plaintiff's mail. Choate told Plaintiff to look under his mattress. Plaintiff did so and found half of a paperclip. Choate instructed Plaintiff

to kill himself with the paperclip. Addressing, Miller and Spiller, Plaintiff told them he would kill himself if he could not speak to a lieutenant or sergeant about his mail. Miller and Spiller each responded, "so, it's time for me to go home." Plaintiff began trying to cut himself with the paperclip, and Miller and Spiller ignored him. (*Id.*).

After shift change at 3:00 p.m., Plaintiff tried to show his arm to a correctional officer and requested to speak to a lieutenant or sergeant. (Doc. 1, p. 1). Several hours later, Lieutenant Dallas came to his cell and look at Plaintiff's arm. Dallas responded, "I don't care kill yourself," and kept walking. Plaintiff states that he suffered blood loss and "feel out." Eventually, he was awakened by staff and taken to see a nurse who dressed his arm. (*Id.*).

The following day, August 7, 2024, Plaintiff spoke to Lieutenant Sulser. (Doc. 1, p. 2). Sulser asked Plaintiff who gave Plaintiff the paperclip and who kept him from seeing his legal mail. Sulser directed Plaintiff to give a response or Plaintiff would not receive his legal mail. Plaintiff did not respond out of fear of further harassment by Choate. Sulser walked away and refused to give Plaintiff his legal mail. (*Id.*).

On August 9, 2024, Plaintiff was sleeping when he felt water spraying down on him. (Doc. 1, p. 2). Plaintiff looked, and the water to his cell was on and turned up high. Choate, who was on the other side of the wall, called Plaintiff a racial slur, and asked, "how do you like that?" Plaintiff looked through a hole in the wall and saw Choate masturbating. Choate then sprayed Plaintiff with mace through the hole. Plaintiff was not provided any materials to clean the mace from his face and body. (*Id.*).

## PRELIMINARY DISMISSALS

Plaintiff does not assert any allegations against Defendant Warden Wills in the Complaint. Thus, all claims against Wills are dismissed without prejudice.

**DISCUSSION**

Based on the allegations and Plaintiff's articulation of his claims in the Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment claim against Choate for subjecting Plaintiff to excessive force by spraying him with mace on August 9, 2024.

**Count 2:** Eighth Amendment claim against Choate for subjecting Plaintiff to cruel and unusual punishment by repeatedly harassing him from July 25, 2024, through August 9, 2024.

**Count 3:** Eighth Amendment claim against Choate, Miller, and Spiller for deliberate indifference to Plaintiff's serious risk of self-harm.

**Count 4:** Eighth Amendment claim against Dallas for failing to provide Plaintiff medical care after he inflicted self-harm.

**Count 5:** First Amendment claim against Choate, Spiller, Miller, and Sulser for denial of access to courts by confiscating Plaintiff's legal mail.

**Count 6:** First Amendment claim against Choate for retaliating against Plaintiff by threatening him with violence and sexual assault if he continued to file lawsuits.

**Count 7:** State law intentional infliction of emotional distress against Choate, Sulser, Spiller, Miller, and Dallas.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

**Count 1**

Plaintiff claims that on August 9, 2024, Choate sprayed him with mace through a hole in the wall without a reason. Plaintiff has therefore established a viable Eighth Amendment claim against Choate for the use of excessive force.

---

[2] See *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

**Count 2**

Plaintiff alleges that Choate engaged in ongoing harassing conduct from July 25, 2024, through August 9, 2024. Choate (1) called him derogatory names; (2) invented offensive chants and encouraged other inmates to also chant the same phrases; (3) made sexually explicit and violent threats towards Plaintiff; (4) informed other inmates of Plaintiff's criminal history further putting Plaintiff's safety in danger; (5) prohibited a nurse from providing him medication; (6) confiscated and destroyed his legal mail; (6) sprayed him with water; (7) and masturbated in front of him. These allegations are sufficient for Count 2 to proceed against Choate for cruel and unusual punishment.

**Count 3**

Plaintiff asserts that, while already on crisis watch, he was given a paperclip and directed to engage in self-harm by Choate. To Spiller and Miller, he threatened to kill himself and began to cut himself in front of them using the paperclip. All three Defendants disregarded Plaintiff's statements and acts of self-harm. Accordingly, Count 3 will proceed.

**Count 4**

After he cut himself, Plaintiff showed his arm to Lieutenant Dallas, who did not seek medical attention for Plaintiff. (Doc. 1, p. 2). Plaintiff states that he then suffered blood loss and "feel out," which the Court interprets to mean lost consciousness. This is sufficient for Count 4 to proceed against Dallas.

**Count 5**

Plaintiff claims that because his legal mail was confiscated and he was not given writing materials on crisis watch, he was unable to respond to a motion to dismiss in a case concerning post-conviction relief. Count 5 will proceed against Choate, Miller, Spiller, and Sulser.

**Count 6**

Count 6 will proceed against Choate for threatening Plaintiff with violence if he continued to file lawsuits. *See Beatty v. Henshaw,* 826 F. App'x 561, 563 (7th Cir. 2020).

**Count 7**

Plaintiff has adequately alleged an intentional infliction of emotional distress claim against Defendants Choate, Dallas, Miller, and Spiller for their alleged conduct from July 25, 2024, through August 9, 2024.

The Court finds that Plaintiff, however, has failed to state a claim against Sulser for intentional infliction of emotional distress. Plaintiff claims that Sulser attempted to interview Plaintiff about Plaintiff self-harming and told Plaintiff that if he wanted his legal mail returned to him, he would answer Sulser's questions. When Plaintiff refused to respond, Sulser walked away and did not give Plaintiff his legal mail. (Doc. 1, p. 2). This conduct does not rise to the level of "extreme or outrageous." *See McGreal v. Vill. Orland Park*, 850 F.3d 308, 315 (7th Cir. 2017) (discussing the elements of an intentional infliction of emotional distress claim). Thus, Count 7 is dismissed as to Sulser.

Plaintiff's state law claim derives from the same factual allegations as his federal claims. *See Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (a loose factual connection between the federal and state claims is generally sufficient). The Court will therefore exercise supplemental jurisdiction, and Count 7 will proceed against Choate, Dallas, Miller, and Spiller.

**INJUNCTIVE RELIEF AND OFFICIAL CAPACITY CLAIMS**

Plaintiff seeks monetary damages and injunctive relief, and he is suing Defendants in both their individual and official capacities. (Doc. 1, p. 1, 3). Plaintiff's claim for injunctive relief is

specific to conditions at Menard Correctional Center, where he is no longer housed.[3] Because Plaintiff has been transferred to a different facility, his claim for injunctive relief is dismissed as moot. And now, because he is only proceeding on claims for money damages, the official capacity claims are dismissed as well. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

### MOTION TO COMPLY WITH COURT ORDER

In response to the Court's Order directing Plaintiff to provide copies of his trust fund account statement so that the Court could rule on his Motion to Proceed *in forma pauperis* (IFP), Plaintiff has filed a motion entitled "Motion to Comply with Court Order" and attached a copy of his trust fund account statement. (Doc. 12, 14). The Court has received the trust fund account statement and granted his Motion to Proceed IFP on November 15, 2024. (Doc. 15). Thus, Plaintiff has complied with the Court's Order at Doc. 12, and the Motion to Comply is **GRANTED.**

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Choate. **COUNT 2** will proceed against Choate. **COUNT 3** will proceed against Choate, Miller, and Spiller. **COUNT 4** will proceed against Dallas. **COUNT 5** will proceed against Choate, Spiller, Miller, and Sulser. **COUNT 6** will proceed against Choate. **COUNT 7** will proceed against Choate, Spiller, Miller, and Dallas but is **DISMISSED** as to Sulser. The Clerk of Court is **DIRECTED** to modify the docket in accordance with footnote 1. All claims against Wills are **DISMISSED**, and he shall be terminated as a party. Plaintiff's claim for injunctive relief is dismissed, and his claims against the remaining defendants in their official capacities are dismissed.

---

[3] On September 3, 2024, Plaintiff notified that Court that he had been transferred to Pontiac Correctional Center. (Doc. 7).

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Choate, Sulser, Dallas, Miller, and Spiller the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want

of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 8, 2025**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.